# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 10, 2001

## STATE OF TENNESSEE v. RICHARD CRAWFORD

**Direct Appeal from the Criminal Court for Shelby County**
**No. 98-09420    W. Otis Higgs, Judge**

―――――――――

**No. W2000-00335-CCA-R3-CD - Filed March 14, 2001**

―――――――――

DAVID G. HAYES, J., dissenting.

Our law provides: "A person charged with an offense has no burden to prove his innocence." TENN. CODE ANN. § 39-11-201(c). Because I am unable to disregard this most basic principle of law, I am also unable to affirm the judgment of conviction in this case.

The facts may be summarized as follows:

A motorist is stopped while driving a vehicle on a public street. The police inform the motorist that the vehicle that he is driving is stolen. The motorist states that the car is his and produces a Tennessee title to the vehicle and other proof of ownership. Although the title exhibited to the officer does not show a completed transfer to the motorist, it does bear the name of the previous owner and matches the VIN number on the vehicle. The motorist advises the police that "he bought the car two weeks earlier from a car lot," but does not furnish the name of the car lot. At some point during the on-scene investigation, and after answering numerous questions, the motorist advises the police that he will answer no further questions. At this point he is arrested.

A conviction may not rest solely upon conjecture, guess, speculation, or a mere possibility. State v. Tharpe, 726 S.W.2d 896, 900 (Tenn. 1987). In this case, the defendant's conviction is essentially based on his possession of the stolen vehicle alone, *i.e.*, unaided by other independent proof that the Appellant had received it knowing it to have been stolen. The defendant's explanation for possession was unrebutted. I find under these circumstances that the explanation for possession was arguably reasonable and sufficient to overcome the inference of guilty knowledge. In the absence of evidence which could have shed light on the missing facts of this case, I am unable to

conclude that the proof before us excludes "every other reasonable hypothesis save the guilt of the [defendant]." State v. Crawford, 225 Tenn.478, 482, 470 S.W.2d 610, 612 (1971). While the proof presents speculation or possibility as to the defendant's guilt, such proof is insufficient to support a conviction. Tharpe, 726 S.W.2d at 900.

Apparently, no independent police investigation was undertaken. Minimal investigative effort could have verified or negated the defendant's claim of ownership and whether the name on the title was a real or fictitious person. There is nothing in the record which suggests that the police ever seized or recorded any information from the documents of ownership examined at the scene. We are without proof as to whether the vehicle was acquired at less than its value or any other evidence establishing the circumstances by which the defendant came into possession of the stolen vehicle. The defendant made no attempt to flee and his response to police was neither contradictory nor improbable. Contrary to the trial court's findings and those implied by the majority, I find nothing in the record to support the conclusion that the defendant was a car salesman with T & A Auto Sales on Lamar in Memphis.[1] Moreover, numerous other findings entered by the trial court are simply not supported by the record.

The police officers' testimony at trial was less than compelling and at times materially contradictory with other officers' testimony.[2] In sum, the arresting officer testified at trial that the defendant was arrested because " . . . the vehicle was stolen. He claimed to be the owner; the public VIN plate had been switched." The majority opines that "the state is not required to subpoena all car lot dealers in and around Shelby County to establish that none of them sold this vehicle to the defendant, in order to dispute his statement that he bought it from an unnamed 'car lot'." I read this to mean that the defendant should have provided the police greater assistance in the prosecution of their case against him.

Finally, with regard to the defendant's second issue of valuation, I am unable to agree that the value of the vehicle was properly established. As the record reflects, the prosecutor rested its case without proving valuation. The trial court then permitted the State to reopen its case. As the

---

[1] The only evidence in the record even linking the defendant to T & A Auto Sales was the testimony of Sgt. Webb that the defendant stated he worked there:

Q: (Prosecution) And did he tell you what his occupation was?
 A: He said he worked at a car sales lot. And I believe it was T and A Auto Sales on Lamar.

We note, however, that T & A Auto Sales is not listed as a place of employment on the defendant's pre-sentence report. Even assuming the defendant did work at this location, there is absolutely no testimony indicating his position there.

[2] Lt. McCartney testified that the defendant produced "some paperwork - it wasn't anything official as I recall. It was just a bill of sale or something . . . - it wasn't a title . . . ." Sgt. Webb, however, testified that the defendant produced a Tennessee title at the scene.

Additionally, Lt. McCartney related that he observed scratch marks on the VIN plate located on the dash of the Cadillac. This testimony was contradicted by Sgt. W.E. Dawkins, who is also assigned to the auto theft division and who specializes in performing vehicle identifications for the police department. Dawkins testified that he noticed nothing wrong or unusual about the VIN plate - "[it] looked like any VIN number on any car."

majority states, the owner of the vehicle testified that the 1992 Cadillac was purchased by his mother for approximately $45,000. This ignores the fact, however, that the theft occurred in December of 1997 and that no proof was presented to establish the value of the five-year-old Cadillac on the date it was stolen. Moreover, although the blue book value was alluded to, no foundation was ever laid for the proper introduction of this proof. *See* Tenn. R. Evid. 803(17). With reference to the $15,500 valuation also noted by the majority, this figure was developed not by the prosecutor, but by the trial judge after the court assumed interrogation of the witness.[3]

The most important function which a court has to perform with respect to criminal law is to not make easier the conviction of the alleged miscreant; rather, it is the protection of the innocent against false convictions. In view of the judicial shortcuts taken, the cumulative errors previously noted, the prosecution's failure to properly establish valuation, and the overall insufficiency of the evidence, I would reverse and dismiss the conviction.

_____
DAVID G. HAYES, JUDGE

---

[3]
THE COURT: All right. Did you speak to your insurance company about this stolen vehicle?
THE WITNESS: Yes, sir, I did.
THE COURT: And is that what they arrived at, at 16,000?
THE WITNESS: What ended up happening, the value at the time it was stolen in December was 16,000. We did not settle until sometime in 1998, basically on into January. And at the time we settled, because a year had gone around, the Blue Book value had dropped to 15,500. And that was the amount we settled upon.
THE COURT: Alright. I'll allow that.
[PROSECUTION]: Thank you, judge.